| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority<br>Send<br>Enter<br>Closed<br>JS-5/JS-6<br>Scan Only |
|---|---|---|

**CASE NO.:** CV 16-05296 SJO (GJSx)   **DATE:** November 17, 2016

**TITLE:** Maria Leticia Monroy et al. v. Infinity Insurance Co. et al.

========================================================================

**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                              Not Present
Courtroom Clerk                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                        Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO THE SUPERIOR COURT OF CALIFORNIA FOR COUNTY OF LOS ANGELES** [Docket No. 15]

This matter is before the Court on its own motion. On June 1, 2016, Plaintiffs Maria Leticia Montoy and Juan Antonio Maldonado Cortes (collectively "Plaintiffs") initiated this breach of contract action in the Superior Court of California, Los Angeles County. (*See generally* Notice of Removal ("Notice") 3-13, Ex. A Compl., ECF No. 1-1.) In the Complaint, Plaintiff alleges that Defendant Infinity Insurance Co. ("Infinity") and Does 1-10 (collectively "Defendants") failed to perform their contractual obligations under the automobile insurance agreement entered into between Plaintiffs and Infinity, thereby constituting breach of contract, breach of the duty of good faith and fair dealing, and negligence. (*See* Compl. ¶¶ 17, 22, 25.) On July 18, 2016, Defendants timely removed the action to the United States District Court for the Central District of California. (*See generally* Notice.) The case was assigned to this Court on July 25, 2016. (ECF No. 5.)

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," it must remand the case. 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). Courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation and internal quotation marks omitted). Under the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). Here, Defendant argues that the Court has diversity jurisdiction over Plaintiff's action. (Notice ¶¶ 10-17.)

Diversity jurisdiction exists when "the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy

JS-6

Case 2:16-cv-05296-SJO-GJS Document 15 Filed 11/17/16 Page 2 of 3 Page ID #:93

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.:  CV 16-05296 SJO (GJSx)                    DATE:  November 17, 2016

meets the jurisdictional threshold."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089,1090 (9th Cir. 2003); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).  Where there is doubt, the case should be remanded to state court.  *Matheson*, 319 F.3d at 1090 (footnote omitted).  Amount in controversy is determined at the time of removal.  (*See Soto v. Kroger Co.*, No. CV 12-00780 DOC, 2013 WL 3071267, at *4 (C.D. Cal. June 17, 2013) ("the guiding principle is to measure amount in controversy at the time of removal").

Here, it is undisputed that there is complete diversity between the parties.  (*See* Notice 3-4.) However, it is not facially evident from Plaintiffs' Complaint that the controversy involves more than $75,000.  Plaintiffs in their Complaint seek $7,742.92 for property damage and $26,053.22 for consequential damages.  (Compl. ¶¶ 12, 17.)  As such, Plaintiffs' express damages fall well short of the $75,000 threshold.

In their Complaint, Plaintiffs also seek general damages for mental and emotional distress, punitive and exemplary damages, costs and attorney's fees.  (Compl. 11.)  Defendants contend "[s]ome courts have held that emotional distress damages in a bad faith action by itself could exceed the minimum $75,000 threshold."  (Notice 4.)  They add, "[i]n bad faith cases, juries frequently award emotional distress damages well in excess of the minimum $75,000 amount in controversy." (Notice 5.)  Yet, Defendants make no effort to analogize the facts of the cited cases to Plaintiffs' case beyond merely noting that one of the cases involved allegations of insurance bad faith.  (Notice 5; *see Cable v. Merit Life Ins. Co.*, 2006 WL 1991664, *3 (E.D. Cal. 2006.) (Defendant's argument that emotional distress damages exceeded the jurisdictional threshold was insufficient when "[d]efendant provide[d] no reliable basis for determining the amount of emotional distress damages likely to be recovered in this case.")  Without more, these awards are speculative and fail to satisfy Defendants' burden.  *See Soto*, 2013 WL 3071267 at *4 (requiring more than "simply cases where the defendant fired the plaintiff").

It is well established that "punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001), *cert. denied*, 534 U.S. 1104 (2002). However, "the mere possibility of a punitive damages award is insufficient to prove that the amount in controversy requirement has been met."  *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1069 (D. Ariz. 2004).  Rather, a defendant "must present evidence that punitive damages will more likely than not exceed the amount needed to increase the amount in controversy to $75,000."  *Id.* Here, again, Defendants offer case citations without sufficiently analogizing the facts of those cases to Plaintiffs' case.  Defendants speculate without offering an estimate or formula, that "recent California cases have upheld punitive damages awards with ratios to compensatory damages of greater than 1 to 1, even where the compensatory damages were substantial." (Notice 6.)  On these representations, the Court cannot conclude that an award of punitive damages would be likely, let alone compute an amount.  *See, e.g., Gamino v. HireRight Solutions, Inc.*, No. CV 11-00281 BTM, 2011 WL 1211356, at *3 (S.D. Cal. Mar. 28, 2011).

**CASE NO.:** CV 16-05296 SJO (GJSx)          **DATE:** November 17, 2016

Finally, attorney's fees should be part of the amount in controversy calculation. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiffs seek an award of attorneys fees. (*See* Compl. 11.) Defendants offer, without any supporting factual or legal authority, that the attorney's fee in this case could be $10,000. (Notice 7.) As such, Defendants have not established an amount of attorney's fees that would bring the total amount in controversy over $75,000.

Accordingly, the Court **REMANDS** this action to the Superior Court of California for Los Angeles County. This action shall close.

IT IS SO ORDERED.